Edward G. **ONTIVEROS, Petitioner–Appellant,**

v.

R.J. **SUBIA; Attorney General of the State of California; Edmund G. Brown, Jr., Respondents–Appellees.**

No. 09–15660.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2010.*

Filed Nov. 19, 2010.

Edward G. Ontiveros, Ione, CA, pro se.

David N. Sunada, Deputy Assistant Attorney General, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

California state prisoner Edward G. Ontiveros appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253[1], and we affirm.

The district court did not err in dismissing Ontiveros' habeas petition for lack of jurisdiction. The district court correctly concluded that Ontiveros could not proceed under § 2254 because he received only a "counseling chrono" and did not lose any sentencing credit as a result of the disciplinary decision. *See Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir.2003) (stating that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.")

Ontiveros' Rule 60(b) motion, filed on October 7, 2010, is construed in part as a renewed motion for appointment of counsel, and in part as a request for judicial notice. The request for judicial notice is granted. The requests for oral argument and appointment of counsel are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We certify for appeal, on our own motion, the issue of whether the district court properly dismissed Ontiveros' petition for lack of jurisdiction.